IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TRAVIS CHUNING, | Case No. 3:14-cv-01165-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **FEDERAL SCREENING SYSTEM**, | |
| Defendant. | |

Travis Chuning, c/o 650 N.W. Irving, Portland, Oregon. *Pro se*.

**Michael H. Simon, District Judge.**

Plaintiff Travis Chuning filed a *pro se* Complaint against the Federal Screening System on May 14, 2014. Dkt. 2. Service of process has not yet occurred. Plaintiff has also filed an application to proceed *in forma pauperis*, Dkt. 1, and has moved for the appointment of a *pro bono* attorney. Dkt.3. The Court grants Plaintiff's application to proceed *in forma pauperis* and denies Plaintiff's motion for appointment of *pro bono* counsel. Under the liberal pleading standards afforded to *pro se* plaintiffs, however, the Court finds that Plaintiff's Complaint fails to state a claim on which relief may be granted. For the following reasons, Plaintiff's Complaint is dismissed.

PAGE 1 – OPINION AND ORDER

## STANDARDS

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The federal courts are courts of limited jurisdiction. *Gunn v. Minton*, --- U.S. ---, 133 S. Ct. 1059, 1064 (2013) (citation omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)

PAGE 2 – OPINION AND ORDER

(citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The court may therefore raise the question of subject-matter jurisdiction on its own initiative at any stage in the litigation. *Arbaugh*, 546 U.S. at 506. "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. It is improper to dismiss an action based on a defective allegation of jurisdiction without leave to amend "unless it is clear, upon de novo review, that the complaint could not be saved by amendment." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002) (citing *Lee* v. *City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)).

## BACKGROUND

Plaintiff brings suit against the Federal Screening System. Plaintiff has provided no indication in his Complaint whether the Federal Screening System is a private individual, a corporation, or some part of the federal government. Plaintiff appears to make three separate claims in his *pro se* Complaint. First Plaintiff alleges that he suffered, "complete mental harassment on all subjects," and requests permission to "sit down with someone…and review it." Next, Plaintiff appears to express a desire to understand "how the federal screening system is designed and supposed to be used." Finally, Plaintiff alleges that on June 11, 2011 at "4505 W. Hacienda LV NV," he was "buried under 3500 pads of glass for 6 hours" without receiving

assistance. Plaintiff asserts diversity jurisdiction as the basis of the Court's jurisdiction over his claims.

## DISCUSSION

### A.  Jurisdiction

The two primary categories of civil cases over which the federal courts have jurisdiction are those based on federal law (federal question jurisdiction) and those involving citizens of different states where more than $75,000 is at issue (diversity jurisdiction). In Section II.A of his Complaint, Plaintiff checked the box for "Diversity of Citizenship" as the basis for federal court jurisdiction. Plaintiff, however, failed to provide any information in his Complaint that would allow the Court to determine whether the parties are diverse. Plaintiff also failed to allege claims or facts that support federal question jurisdiction, as Plaintiff's Complaint failed to identify any specific federal Constitutional, statutory, or treaty right at issue.

While *pro se* complaints are construed liberally, Plaintiff's Complaint fails to allege claims or facts that support federal jurisdiction. Although the Court is skeptical that, under the facts alleged by Plaintiff, he can state a claim for a violation by Defendant of a federal statute or treaty or the United States Constitution, given the liberal standards for repleading defective jurisdiction the Court dismisses this case without prejudice. Plaintiff may, if there are additional facts and claims that support federal jurisdiction, file an amended complaint. If Plaintiff files an amended complaint, however, he must specifically identify the basis for federal jurisdiction.

### B.  Claims Against the Federal Screening System

Even if Plaintiff had properly alleged jurisdiction, his Complaint fails to allege a cause of action under federal law. Interpreting the Complaint under the liberal *pro se* pleading standard and affording the Plaintiff "the benefit of any reasonable doubt," the Complaint contains insufficient facts to support a federal cause of action. To the extent it alleges a state law cause of

action, such claims are not properly before this court. For these reasons, the Court holds that the Complaint fails to state a claim on which relief may be granted and dismisses the case pursuant to 28 U.S.C. § 1915(e)(2).

**C.  Plaintiff's Request for Pro Bono Counsel**

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). The Court has discretion, however, under 28 U.S.C. § 1915(e) to appoint volunteer counsel for indigent civil litigants in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). While this court may appoint volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301-08 (1989).

In determining whether exceptional circumstances exist, a court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman*, 390 F.3d at 1103. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In light of the deficiency in Plaintiff's Complaint, this Court's dismissal for lack of subject-matter jurisdiction, and the Court's concern that it appears unlikely that Plaintiff will be able to state a federal claim under the facts of this case, Plaintiff appears to have a low likelihood of success on the merits. Accordingly, at this stage of the proceeding, the Court does not find the requisite exceptional circumstances that support the appointment of counsel under § 1915(e).

**CONCLUSION**

Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is **GRANTED** and Plaintiff's motion for appointment of pro bono counsel (Dkt. 3) is **DENIED**. The Court also finds that the Complaint fails to state a claim on which relief may be granted and fails to establish that this Court has subject-matter jurisdiction over Plaintiff's claims. Accordingly, Plaintiff's Complaint (Dkt. 2) is **DISMISSED**. Plaintiff may file an amended complaint if he can cure the deficiencies identified in this Order.

**IT IS SO ORDERED**.

DATED this 25th day of August, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 6 – OPINION AND ORDER